IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:09-cr-00078 |
| v. | : | |
| | : | |
| MICHAEL ARRINGTON, | : | (Chief Judge Kane) |
| Defendant | : | |

**MEMORANDUM ORDER**

On September 23, 2009, Defendant Michael Arrington was indicted in a second superseding indictment for: (1) possession with the intent to distribute and distribution of controlled substances; (2) conspiracy to possess with the intent to distribute controlled substances; and (3) traveling in interstate commerce with the intent to facilitate unlawful activity. (Doc. No. 171.) On December 19, 2011, the Government gave Defendant notice that it intends to introduce evidence, pursuant to Rule 404(b) of the Federal Rules of Evidence, that at the time of the original indictment in this case, Defendant was on parole supervision for a drug offense, and that he absconded after the indictment was issued against his co-defendants. (Doc. No. 548-1.) Defendant argues that this evidence, along with evidence of a 2004 drug trafficking offense, should be excluded. (Doc. No. 549.)

**I.      LEGAL STANDARD**

Rule 404(b) of the Federal Rules of Evidence provides that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). This is a rule of inclusion rather than exclusion, and courts should favor

1

admission of evidence of past criminal conduct provided it is relevant for a purpose other than to show mere propensity. United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003) (citing United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994); United States v. Long, 574 F.2d 761, 765 (3d Cir. 1978)). In determining whether such evidence is admissible, the Court must weigh: (1) whether the evidence has a proper purpose; (2) whether the evidence is relevant; and (3) whether the probative value of the evidence outweighs any unfair prejudice. Huddleston v. United States, 485 U.S. 681, 691-92 (1988). To the extent that such evidence is admissible, the Court must give a limiting instruction charging the jury that they may consider the evidence only for the limited purpose for which it has been admitted. Id. "The parameters of Rule 404(b) . . . are set by the material issues and facts the government must prove to obtain a conviction." United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992).

Rule 404 of the Federal Rules of Evidence sets forth a non-exhaustive list of possible justifications for the admission of evidence of prior crimes including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Fed. R. Evid. 404(b). The United States bears the burden of articulating a proper and relevant purpose for the introduction of such evidence, which may not rely on the inference that because Defendant committed a prior drug offense that he is more likely to have committed this one. Sampson, 980 F.2d at 887. Further, evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

**II.     DISCUSSION**

### A. Evidence of Flight

The Government argues that evidence of Defendant's flight from parole supervision should be admitted. The Government asserts that before Defendant's alleged co-conspirators were arrested, Defendant was on parole and complied with his supervision obligations for over a year by meeting with his parole officer on the second Monday of every month and maintaining employment at Triangle Car Wash. However, following the arrest of Defendant's alleged co-conspirators, Defendant failed to appear at his scheduled monthly meetings and failed to appear at his job. Defendant was arrested in August 2010, in Baltimore for weapons possession, crack possession, and assaulting a police officer. Upon arrest, Defendant used the name of Richard Bloomfield.

The Government argues that this evidence will be introduced for a proper purpose: to prove Defendant's consciousness of guilt. The United States Court of Appeals for the Third Circuit has held that evidence of a "defendant's flight after a crime has been committed is admissible to prove the defendant's consciousness of guilt." United States v. Pungitore, 910 F.2d 1084, 1151 (3d Cir. 1990). Thus, evidence that Defendant left the state upon the arrest of his alleged co-conspirators and subsequently used a false name when apprehended, can be used for the proper purpose of proving consciousness of guilt. Additionally, such evidence is relevant, as it tends to make it more likely that Defendant was conscious of his guilt in this case. Further, the evidence is more probative than prejudicial. The Court recognizes that evidence that Defendant was on parole necessarily shows that Defendant was previously convicted of a crime and invites the jury to make the forbidden inference that because Defendant was previously convicted of a crime, he must be guilty of the crimes with which he is charged. However, the

Court will instruct the jury not to make such an inference and to consider the evidence of Defendant's flight only for the proper purpose of determining that such evidence makes it more likely that Defendant was conscious of his guilt. See United States v. Cruz, 326 F.3d 392, 395-97 (3d Cir. 2003) (affirming district court's admission of evidence that defendant was on parole as it was probative of why he took extra steps to hide his criminal activity).

### B.    Prior Drug Conviction

The Government argues that evidence of Defendant's prior drug conviction should be admitted. The Government asserts that testimony from alleged co-conspirator Omar Davenport will provide the majority of the direct evidence of drug trafficking by Defendant and that Mr. Davenport will testify that Defendant supplied him with heroin. The Government argues that Defendant will likely portray his relationship with Mr. Davenport as a mere friendship and that evidence of Defendant's prior drug trafficking conviction will establish Defendant's intent to participate in the drug trafficking and conspiracy and his knowledge of the illegal activities.

"There is no question that, given a proper purpose and reasoning, prior drug convictions are admissible in a trial where the defendant is charged with a drug offense." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992) (collecting cases). Here, the proper purpose articulated by the Government is to refute any defense of lack of knowledge or intent or mistake. (Doc. No. 554 at 14.) However, Defendant has represented to the Court that he will not claim a lack of knowledge of how drug trafficking operations work, that he was present but did not know what his co-defendants were doing, or that drugs found in the possession of his co-defendants were for personal use. Rather, Defendant's theory is that he did not participate in the drug conspiracy or distribution at all.

While the Court recognizes that the Government must prove intent, and evidence of Defendant's prior drug conviction is relevant to prove Defendant's intent, the Court's inquiry does not end there.  Rather, the Court must determine if evidence of Defendant's prior drug conviction would be more probative than prejudicial.  In United States v. Miller, the United States Court of Appeals for the Seventh Circuit emphasized that the fact that intent is at issue in a criminal prosecution is not sufficient to overcome a motion to exclude evidence of a prior drug conviction.  ___ F.3d ____, No. 11-1038, 2012 WL 763151, at *9 (7th Cir. March 12, 2012).  In that case, the Seventh Circuit held that the trial court erred by admitting evidence of a prior drug conviction, because the defendant's defense "that the drugs [found in his home] were not his, ha[d] nothing to do with whether he intended to distribute them." Id. at *7.  Instead, the court explained that "[t]he relevance of the prior conviction . . . boils down to the prohibited 'once a drug dealer, always a drug dealer' argument." Id.  Here, in light of Defendant's representation as to the theory of his defense, the Court finds that evidence of Defendant's prior drug trafficking conviction would be more prejudicial than probative and that a limiting instruction would not sufficiently mitigate such prejudice.  Thus, the Court will not permit the Government to introduce evidence regarding Defendant's prior drug conviction.

### III.   CONCLUSION

**ACCORDINGLY**, on this 28th day of March 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion in limine (Doc. No. 548) is **GRANTED IN PART** and **DENIED IN PART**.  The Government will be permitted to present evidence that Defendant was on parole at the time of the first indictment in this case, that he absconded during the federal investigation of his co-defendants, and that he used the name Richard Bloomfield when he was apprehended.

The Government will not, however, be permitted to introduce evidence of Defendant's prior drug trafficking conviction.

                                                                           S/ Yvette Kane
                                                                           Yvette Kane, Chief Judge
                                                                           United States District Court
                                                                           Middle District of Pennsylvania