# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ARRINGTON, : | |
|     Petitioner : | |
| : | No. 1:09-cr-78-9 |
| v. : | |
| : | (Judge Kane) |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

## MEMORANDUM

Before the Court are pro se Petitioner Michael Arrington ("Petitioner")'s motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 665), motions for leave to amend and supplement his Rule 59(e) motion (Doc. Nos. 670, 671, 673), declaration and addendum to his Rule 59(e) motion (Doc. Nos. 672, 675), second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 677), motion to amend his § 2255 motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure (Doc. No. 679), motion for leave to clarify an issue in his Rule 59(e) motion (Doc. No. 680), motion to appoint a private investigator (Doc. No. 681), and motion for discovery (Doc. No. 685).

## I. BACKGROUND

On April 4, 2012, a federal jury found Petitioner guilty of possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a); conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846; and interstate travel in aid of unlawful activity, in violation of 18 U.S.C. § 1952(a)(3). (Doc. No. 575.) On September 7, 2012, the Court sentenced Petitioner to 262 months' imprisonment, to run consecutively to any pending state sentences. (Doc. No. 594.) On July 17, 2013, the United States Court of Appeals for the Third Circuit denied Petitioner's appeal. See United States v. Arrington, 530 F. App'x 143 (3d Cir. 2013).

On September 29, 2014, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 632.) Petitioner raised the following arguments for relief in his § 2255 petition: (1) trial counsel was ineffective in his cross-examination of witness Omar Davenport; (2) trial counsel was ineffective in his cross-examination of witness Bobbie Sue Miller; (3) trial counsel was ineffective in his cross-examination of witness Michael Wayne Sullivan; (4) "trial counsel was ineffective for his failure to object to multiple acts of prosecutorial misconduct"; (5) trial counsel was ineffective "by interfering with Petitioner's constitutional right to testify" on his own behalf; (6) trial counsel was ineffective by "failing to present Petitioner's defense on multiple issues"; and (7) trial counsel was ineffective based on the cumulative effect of his errors, even if no single error justified relief. (Id. at 3-9.) Petitioner also filed several motions seeking discovery. (Doc. Nos. 655, 658, 659.) In a Memorandum and Order dated May 17, 2016, the Court denied Petitioner's § 2255 petition as well as his discovery motions. (Doc. Nos. 661, 662.) Petitioner did not appeal to the Third Circuit.

## II. PETITIONER'S MOTIONS

### A. Rule 59(e) Motions (Doc. Nos. 665, 670, 671, 673, 680)

Petitioner has filed several motions pursuant to Rule 59(e) of the Federal Rules of Civil Procedure seeking reconsideration of the Court's May 17, 2016 Memorandum and Order denying his original § 2255 motion. In several of his motions, Petitioner asserts that the Court misinterpreted the claims raised in his § 2255 motion. In another, he argues that he possesses newly discovery evidence indicating that Bobbie Sue Miller perjured herself when she testified that she had not been arrested prior to being indicted as a co-defendant of Petitioner. (Doc. No. 673.) Petitioner asserts, based upon this evidence, that counsel was ineffective for failing to expose the perjured testimony. (Id.)

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." See Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). With respect to the availability of new evidence, the Third Circuit has held that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Blystone v. Horn, 664 F.3d 397, 416 (3d Cir. 2011).

Here, Petitioner's motions fail to meet the narrowly-defined factors governing motions for reconsideration, as they do not have identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or prevent manifest injustice. Instead, Petitioner primarily attempts to re-litigate issues that have already been considered and disposed of by the Court, a course which is not an appropriate basis for a motion for reconsideration. See Dodge v. Susquehanna Univ., 796

F. Supp. 829, 930 (M.D. Pa. 1992). Moreover, while Petitioner asserts that evidence of Miller's alleged perjury was unavailable to him prior to May of 2017 (Doc. No. 673 at 1), he contradicts his argument by stating that a transcript of Miller's sentencing proceedings, in which her attorney stated that she had been arrested previously on bad check charges, was available at the time of his trial (id.). Accordingly, because Petitioner has not demonstrated a basis for reconsideration of the Court's May 17, 2016 Memorandum and Order, the Court will deny his motions seeking relief pursuant to Rule 59(e).

**B.     Second § 2255 Motion (Doc. No. 677)**

On January 29, 2018, the Court received a second § 2255 petition from Petitioner. (Doc. No. 677.) In this petition, Petitioner alleges that trial counsel was ineffective for failing to investigate and expose allegedly perjured testimony given by witness Bobbie Sue Miller, and that the prosecution engaged in misconduct by failing to correct the perjured testimony. (Id. at 4-5.)

Under the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Here, Petitioner has failed to obtain the required certification from the Third Circuit in order to pursue a second or successive § 2255 motion. Without such

4

certification, the Court concludes that it lacks jurisdiction over Petitioner's motion. See id. Accordingly, the Court will deny Petitioner's second § 2255 motion (Doc. No. 677) without prejudice to his right to seek permission from the Third Circuit to file a second or successive motion pursuant to § 2255.

      **C.**     **Motion to Amend § 2255 Motion (Doc. No. 679)**

Petitioner has also filed a motion to amend, seeking to amend his initial § 2255 motion to expand upon his claim that trial counsel was ineffective during his cross-examination of Bobbie Sue Miller. (Doc. No. 679.) Specifically, Petitioner contends that counsel should have investigated Miller's prior criminal history and exposed her allegedly perjured testimony during trial. (Id. at 6.)

Petitioner filed this motion to amend almost two (2) years after this Court denied his original § 2255 motion on the merits. While Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend an original pleading when justice so requires,[1] "once judgment has been entered the filing of an amendment under Rule 15 cannot be allowed until the judgment is set aside or vacated." See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (quoting 6 Charles Alan Wright et al., Federal Practice & Procedure, § 1489, at 692-93 (2d ed. 1990)). As discussed above, the Court has concluded that Petitioner is not entitled to relief pursuant to Rule 59(e). Accordingly, the Court cannot construe Petitioner's motion as a motion to amend a motion that has already been denied. Rather, the Court must construe Petitioner's motion as a second or successive motion to vacate under § 2255. See, e.g., United States v. Hill, No. 05-cv-921, 2005 WL 1126952, at *1-2 (E.D. Pa. May 12, 2005) (construing motion to amend petitioner's § 2255 motion as a second or successive motion where the motion to amend was

---

[1] See Fed. R. Civ. P. 15(a).

filed after judgment had been entered on the original motion); see also Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999) (noting that "[j]ust as a second filing may be treated as an initial motion when the first was not eligible for decision on the merits, so additional filings in the first collateral attack may be treated as 'second or successive' petitions when the first has reached a final decision"). As noted supra in Section II.B, however, Petitioner has not obtained the requisite certification from the Third Circuit to pursue a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). Accordingly, the Court will deny Petitioner's motion to amend (Doc. No. 679) without prejudice to his right to seek permission from the Third Circuit to file a second or successive § 2255 motion.

## III. CONCLUSION

For the reasons set forth above, the Court will deny Petitioner's motions seeking relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. Nos. 665, 670, 671, 673, 680). The Court will deny without prejudice Petitioner's second § 2255 motion (Doc. No. 677) and motion to amend (Doc. No. 679) without prejudice to his right to seek permission from the Third Circuit to file a second or successive § 2255 motion. In light of the Court's denial of Petitioner's Rule 59(e) motions, his second § 2255 motion, and his motion to amend, and upon review of Petitioner's motions to appoint a private investigator (Doc. No. 681) and for discovery (Doc. No. 685), the Court does not find good cause to authorize either in this case. Accordingly, Petitioner's discovery motions (Doc. Nos. 681, 685) will be denied. An appropriate Order follows.